UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEIRON ELIAS,<br><br>                Plaintiff,<br><br>    v.<br><br>J. ANAYA, et al.<br><br>                Defendants. | Case No. 2:23-cv-02924-MWF-JC<br><br>MEMORANDUM OPINION AND ORDER DISMISSING ACTION |

## I.     BACKGROUND AND SUMMARY

On March 23, 2023, Plaintiff Keiron Elias, who is in custody, is proceeding *pro se*, and has been granted leave to proceed without prepayment of filing fees, filed a Civil Rights Complaint ("Complaint") pursuant to 42 U.S.C. § 1983, along with supporting exhibits. (Docket Nos. 1, 3).¹  The Complaint sought damages against multiple Defendants at the California State Prison, Los Angeles County.  At

---

¹As Plaintiff generally uses female pronouns to refer to herself in the Complaint, the Court does so here as well.  Citations to the Complaint and exhibits, respectively, refer to the page numbers assigned by the Court's Case Management/Electronic Case Filing (CM/ECF) system.

1  Plaintiff's request, this action was stayed between November 9, 2023 and June 18,
2  2024.
3        On June 18, 2024, the Magistrate Judge issued an Order ("June Order")
4  lifting the stay and screening the Complaint pursuant to 28 U.S.C.
5  §§ 1915(e)(2)(B), 1915A; 42 U.S.C. § 1997e(c).  (Docket No. 16).[2]  More
6  specifically, the June Order advised Plaintiff that the Complaint was deficient for
7  reasons described therein,[3] dismissed the Complaint with leave to amend, and
8  directed Plaintiff, within twenty days, to file one of the following:  (1) a First
9  Amended Complaint which cures the pleading defects described in the June Order;
10 (2) a Notice of Dismissal; or (3) a Notice of Intent to Stand on the Complaint.  The
11 June Order expressly cautioned Plaintiff that the failure timely to file a First
12 Amended Complaint, a Notice of Dismissal, or a Notice of Intent to Stand on the
13 Complaint may be deemed Plaintiff's admission that amendment is futile and may
14 result in the dismissal of this action on the grounds set forth in the June Order, on
15 ///
16 ///

---

[2] Absent consent by all parties, including unserved defendants, a magistrate judge cannot issue dispositive orders, including an order dismissing a claim.  Branch v. Umphenour, 936 F.3d 994, 1004 (9th Cir. 2019); see also Williams v. King, 875 F.3d 500, 504 (9th Cir. 2017) ("[C]onsent of all parties (including unserved defendants) is a prerequisite to a magistrate judge's jurisdiction to enter dispositive decisions under § 636(c)(1)."); 28 U.S.C. § 636(b)(1)(A)-(B). However, "the dismissal of a complaint with leave to amend is a non-dispositive matter." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).  Accordingly, a magistrate judge may dismiss a complaint with leave to amend without the approval of a district judge.  See id. at 797. Additionally, a plaintiff who disagrees with a magistrate judge's order, including a nondispositive order dismissing a pleading with leave to amend, may file an objection with the district judge.  See Bastidas v. Chappell, 791 F.3d 1155, 1162 (9th Cir. 2015); see also Hunt v. Pliler, 384 F.3d 1118, 1124 (9th Cir. 2004) ("District court review of even these nondispositive matters . . . can be compelled upon objection of the party against whom the magistrate has ruled.") (quoting McKeever, 932 F.2d at 798).

[3] Specifically, the Magistrate Judge advised Plaintiff, albeit in greater detail and with citation to authorities, that the Complaint, among other things, violated Rule 8 of the Federal Rules of Civil Procedure, and failed to state a viable claim for relief.

the ground that amendment is futile, for failure diligently to prosecute, and/or for failure to comply with the June Order.

Plaintiff subsequently requested and was granted multiple extensions of time to comply with the June Order. (See, e.g., Docket Nos. 17, 18, 19, 21).

On November 20, 2024, because the Magistrate Judge had previously neglected to advise Plaintiff that she had the right to seek review of, and/or to object to the June Order (see supra note 2), and in the interests of justice, the Magistrate Judge *sua sponte* again extended Plaintiff's deadline to do so and to comply with the June Order to December 4, 2024. (Docket No. 23). On December 6, 2024, Plaintiff filed a response to the November 20, 2024 Order and, among other things, indicated that she had previously forwarded a First Amended Complaint to the Court in this action and, to the extent it had not been received by the Court, requested a further extension of time to file the same.

On January 31, 2025, the Magistrate Judge issued an Order ("January Order") advising Plaintiff that the court had not received Plaintiff's First Amended Complaint in this action, and again extended Plaintiff's deadline to comply with the June Order to February 28, 2025. (Docket No. 25). The January Order also expressly cautioned Plaintiff – in bold-faced print – that Plaintiff's failure timely to file a First Amended Complaint, a Notice of Dismissal, or a Notice of Intent to Stand on Complaint by the foregoing extended deadline may be deemed Plaintiff's admission that amendment is futile, and may result in the dismissal of this action with or without prejudice on the grounds set forth in the June Order, on the ground that amendment is futile, for failure diligently to prosecute and/or for failure to comply with the June Order and the January Order.

To date, Plaintiff has not responded to the January Order or sought an extension of time to do so.

As discussed below, this action is dismissed due to Plaintiff's unreasonable failure to prosecute and his failure to comply with the Court's order.

## II. PERTINENT LAW

It is well-established that a district court may *sua sponte* dismiss an action where the plaintiff has failed to comply with a court order and/or unreasonably failed to prosecute. See Link v. Wabash Railroad Co., 370 U.S. 626, 629-33 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.) (as amended), cert. denied, 506 U.S. 915 (1992); see also McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991) (district court may *sua sponte* dismiss action "only for an unreasonable failure to prosecute") (citations omitted); see also Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) (*sua sponte* dismissal pursuant to Fed. R. Civ. P. 41(b) proper sanction in cases where a plaintiff is notified of deficiencies in complaint and is given "the opportunity to amend [the complaint] or be dismissed" but the plaintiff "[does] *nothing*") (citations omitted; emphasis in original).

In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors, namely (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders). Dismissal is appropriate under the foregoing analysis "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).

Where a plaintiff is proceeding *pro se*, however, the court must first notify the plaintiff of the deficiencies in the complaint so that the plaintiff has an opportunity "to amend effectively." Ferdik, 963 F.2d at 1261 (citation omitted). In addition, where a Magistrate Judge originally dismissed the complaint with leave to amend, the District Judge must review that decision before dismissing the entire

action. See McKeever, 932 F.2d at 797 ("While the magistrate can dismiss complaints with leave to amend, the district court necessarily must review that decision before dismissing the entire action."). A District Judge may not dismiss an action for failure to comply with a court order or for unreasonable failure to prosecute if the initial decision to dismiss a complaint was erroneous. Yourish v. California Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (citing id.).

### III. DISCUSSION AND ORDER

First, the Court has reviewed the June Order dismissing the Complaint, and finds that the June Order adequately and properly notified Plaintiff of the deficiencies in the Complaint and afforded Plaintiff an opportunity to amend effectively. This Court agrees with and adopts the June Order and finds that the Magistrate Judge properly dismissed the Complaint with leave to amend for the reasons discussed in the June Order.

Second, dismissal is appropriate based upon Plaintiff's failure to comply with the Court's order and the failure to prosecute. The Court has considered the five factors discussed above – the public's interest in expeditious resolution of litigation, the court's need to manage its docket, the risk of prejudice to the Defendants, the public policy favoring disposition of cases on their merits, and the availability of less drastic alternatives. The first two factors – the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket – strongly weigh in favor of dismissal. As noted above, most recently in the January Order, the Magistrate Judge advised Plaintiff that the Court had not received a first amended complaint and afforded him another opportunity to file an amended complaint or to notify the Court that he wished to stand on the Original Complaint. Plaintiff has not responded. See Edwards, 356 F.3d at 1065. The third factor, risk of prejudice to the Defendants, also weighs strongly in favor of dismissal. See Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976) (prejudice to defendants presumed from unreasonable delay) (citation omitted). The fourth

factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein.  As for the fifth factor, since Plaintiff has already been cautioned of the consequences of his failure to prosecute and his failure to comply with the Court's orders, and has been afforded the opportunity to avoid such consequences but has not responded, no sanction lesser than dismissal is feasible.  See, e.g., Yourish, 191 F.3d at 989 (dismissal of action *with prejudice* not excessive sanction for plaintiffs' failure timely to comply with court's order to submit an amended complaint).

      IT IS THEREFORE ORDERED that this action is dismissed based upon Plaintiff's unreasonable failure to prosecute and his failure to comply with at least the January Order.

      IT IS SO ORDERED.

Dated: April 21, 2025

                                  MICHAEL W. FITZGERALD
                                  United States District Judge